**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DISCOVER PROPERTY AND CASUALTY** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | |
| **v.** | * | **Civil Action No. 10-663** |
| | * | |
| **THE MITCHELL COMPANY, INC.,** | * | |
| | * | |
| **Respondent.** | * | |

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

Petitioner, DISCOVER PROPERTY AND CASUALTY INSURANCE COMPANY ("DISCOVER"), an Illinois corporation, by and through its undersigned attorneys, files this Complaint for Declaratory Judgment and states:

### FACTS REGARDING JURISDICTION AND VENUE

1.       This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201.

2.       At all times material, DISCOVER is and was an Illinois corporation with its principal place of business in Chicago, Illinois.

3.       Upon information and belief, at all material times THE MITCHELL COMPANY is and was an Alabama corporation with its principal place of business in Mobile, Alabama.

4.       The amount in controversy exceeds the sum of $75,000 exclusive of interest, attorney's fees and costs.  This Court has diversity jurisdiction by virtue of 28 U.S.C. § 1332.

5.       Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. §1391(a) because at least one Respondent resides within the district, and because a substantial part of the events giving rise to the claim occurred in the district.

## GENERAL ALLEGATIONS

6.      On or about September 15, 2005, DISCOVER issued a commercial property policy to MITCHELL COMPANY, INC., Policy No. D004Z00067, effective from September 15, 2005 to September 15, 2006 (the "Policy").  A copy of the Policy is attached as **Exhibit "A."**

7.      THE MITCHELL COMPANY, INC. ("MITCHELL") is an insured under the Policy.

8.      CBB, INC. was the owner of an apartment complex known as Colonial Manor Apartments ("Colonial Manor") located at 1823 Parsley Street, Pascagoula, Mississippi from August of 1994 to July of 2006 when it sold Colonial Manor to Antebellum, LLC.  Neither CBB, Inc. nor Antebellum, Inc. is an insured under the Policy.

9.      Upon information and belief, MITCHELL was the property manager at Colonial Manor from February of 2002 to July of 2006.

10.     On or about September 29, 2010, MITCHELL filed an action against DISCOVER in the Circuit Court of Mobile County, Alabama Case No. CV2010-902197 for breach of contract, bad faith failure to investigate and bad faith failure to pay a claim arising out of the alleged theft of copper piping and fixtures from the units at Colonial Manor on or about July of 2006.

11.     The Policy provides commercial property coverage, but only for damage to or loss of Covered Property caused by in pertinent part as follows:

A.      COVERAGES

1.      Property at Your Premises

a.      We will pay for direct physical loss of or damage to Covered Property:

(1) If caused by or resulting from any of the Covered Causes of Loss; and

(2) If the loss or damage occurs at or within 1000 feet of "covered premises."

b.      If Real Property is indicated in the Declarations, Covered Property, as used in this Coverage Part, means buildings, structures and other real property that you own

including all property made a permanent part of the building, structure or real property.

    **c.**    If Personal Property is indicated in the Declarations, Covered Property, as used in this Coverage Part, means:

    **(1)**  Business personal property that you own;

    **(2)**  Business personal property that you lease from others if

you have a written contractual obligation to insure it;

    **(3)**  "Personal property of others" while in your care, custody, or control;

    **(4)**  Personal property (other than vehicles) that belongs to you or your employees, officers, or partners; and

    **(5)**  Your interest as tenant in improvements and betterments are fixtures, alterations, installations, or additions:

        **(a)**  Made a part of a building or structure that you occupy and do not own; and

        **(b)**  You acquired or that were made at your own expense but which you cannot legally remove.

12.    The Policy also provides in part as follows:

**G.**    **LOSS CONDITIONS**

\*      \*      \*

    **4.**    **Loss Payment**

\*      \*      \*

    **b.**    We will not pay any more that your financial interest in any property.

\*      \*      \*

    **6.**    **Vacancy**

If the building where the loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage, we will:

      **a.**    Not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

      **(1)**    Vandalism;

      *     *     *

      **(5)**    Theft or attempted theft.

13.    The Policy also contains a Deductible Endorsement which in pertinent part states as follows:

> The Deductible applicable under this policy is $25,000 per occurrence except as specified below:
>
> 3% of TIV at the location of a reported loss as respects to Named Windstorm in Tier I Counties, subject to a minimum of $100,000 per occurrence.
>
> $100,000 per occurrence for Earthquake
>
> $100,000 per occurrence for Flood except for properties located in Flood Zones A or V.  The deductible for Flood for properties located in Flood Zones A or V is the maximum NFIP limits available whether purchased or not subject to a minimum of $250,000 per occurrence.

14.    DISCOVER is in doubt of its rights under the policy and, by this Petition, seeks a declaration of its rights and obligations with respect to the underlying action and a finding by this Court that under the above-referenced policy of insurance, DISCOVER has no obligation to provide coverage in connection with the theft of the copper piping from Colonial Manor as alleged in Plaintiff's Complaint because the claim does not involve Covered Property, it does not involve damage or loss in the Policy period, and/or because coverage is precluded by one or more of the Policy provisions set forth above.

15.    There exists a bona fide actual present and practical need for the declaration of coverage available under the policy, and the rights and obligations of DISCOVER.

16.    There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of DISCOVER under the policy.

17.     The rights and obligations of DISCOVER under the policy are dependant upon the facts and the law applicable to the facts affecting coverage under the policy.

18.     DISCOVER and Plaintiff have an actual, present controversy in the subject matter described herein.

19.     All proper and present interests are before the Court by proper process.

20.     All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

WHEREFORE, Petitioner, DISCOVER PROPERTY AND CASUALTY INSURANCE COMPANY, respectfully requests this to Court enter a judgment Declaring that:

A.     Coverage does not exist for the damage or loss alleged in Mitchell's complaint; and

B.     Any other relief the Court deems proper and just.

/s/ Caroline T. Pryor
CAROLINE T. PRYOR (PRYOC 2802)
Attorneys for Discover Property &
Casualty Insurance Company
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
Telephone:  (251) 626-9340
Fax: (251) 626-8928
E-mail: cpryor@carrallison.com


/s/ Russell Q. Allison
RUSSELL Q. ALLISON (asb-2495-s81r)
CARR ALLISON
Attorneys for Discover Property &
Casualty Insurance Company
100 Vestavia Parkway
Birmingham, Alabama   35216
Telephone: (205)822-2006
Fax: (205) 822-2057
Email:  rallison@carrallison.com

**DEFENDANT MAY BE SERVED AS FOLLOWS:**

The Mitchell Company, Inc.
c/o Paul Charles Wesch
41 W Interstate 65 Service Rd N
Mobile, AL 36608