**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DISCOVER PROPERTY & CASUALTY | ) | |
| INSURANCE CO., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 10-00663-KD-M |
| | ) | |
| THE MITCHELL CO., INC., | ) | |
|     Defendant. | ) | |

**ORDER**

The matter is before the Court on a review of the Defendant's "Motion to Amend Answer to

Assert Counterclaim and Joinder of Additional Parties" (Doc. 15) and Notice of Proposed Amended

Answer, Counterclaim and Third-Party Complaint (Doc. 26); and the Petitioner's Response (Doc.

24) and Amended Response (Doc. 27) thereto.

Plaintiff initiated this declaratory judgment action on November 30, 2010[1] as an insurance

coverage dispute, alleging that it owes no coverage for a property damage claim asserted by The

Mitchell Company, Inc. ("TMC") concerning theft of copper from Colonial Manor Apartments in

Pascagoula, Mississippi for which TMC was the manager.[2]  Specifically, Plaintiff seeks a

declaration or its rights and obligations under the insurance policy as to whether it is obligated to

provide coverage to TMC in connection with the copper theft because TMC's claim does not

involved "Covered Property" under the Policy, damage/loss in the Policy period, and/or because

---

1 TMC filed an action against Plaintiff in the Circuit Court of Mobile County (CV 2010-902197) for
breach of contract, bad faith failure to investigate and bad faith failure to pay) in September 2010.  (Doc.
1 at 2).

2 In 2005, Plaintiff issued TMC a commercial property insurance policy for property which included
Colonial Manor.  The property damage claim at issue concerns the July 2006 theft of copper piping and
fixtures from Colonial Manor (and damage caused to the property relating to same).

coverage is precluded by one or more Policy provisions. TMC moves to amend its original Answer (Doc. 9) to assert certain counterclaims against Plaintiff. In its proposed Amended Answer, Counterclaim and Third-Party Complaint, TMC endeavors to add counterclaims against Plaintiff for breach of insurance contract (Count One), bad faith failure to investigate (Count Two) and bad faith failure to pay the insurance claim (Count Three). (Doc. 26-1). TMC also seeks to add two (2) parties, Marsh USA, Inc. and Discovery Managers, Ltd., the agents who sold the insurance policy at issue to TMC, and to assert claims against these two (2) parties for fraud (Count Four) and negligent failure to procure insurance (Count Five). (Id.)

The Federal Rules of Civil Procedure provide that ". . . a party may amend its pleading only with the opposing party's written consent or the court's leave and that the 'court should freely give leave when justice so requires.'" FED. R. CIV. P. Rule 15(a)(2). Thus, the Court must determine whether justice requires granting defendants leave to amend their answer. Generally, in the absence of any reason to deny the motion, such as undue prejudice to the non-movant, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, or futility, leave to amend should be freely given when justice so requires. Foman v. Davis, 371 U.S. 178, 182 (1962).

At the outset, this case is in its early stages. There has been no Rule 16(b) Scheduling Order entered and thus, no deadline for amendments of pleadings and/or the close of discovery. As such, the parties have sufficient time to conduct discovery regarding amendments.

Concerning the specific counterclaims, Plaintiff does not object to TMC amending its answer to assert a counterclaim for the proceeds of the subject insurance policy (Count One-breach of insurance contract). Accordingly, it is **ORDERED** that TMC's motion is **GRANTED** as to Count One of its proposed counterclaim.

Plaintiff does object, however, to TMC asserting counterclaims for bad faith failure to pay (Count Three), bad faith failure to investigate (Count Two), fraud (Count Four) and negligence (Count Five), as well as to the joinder of the two (2) proposed parties. Plaintiff contends that the introduction of these claims and parties will delay the expeditious adjudication of this case, the claims are premature, and the claims introduce parties who are not necessary to a determination of the coverage issues at issue in this declaratory judgment action.

First, TMC seeks to join two (2) proposed parties as third-party defendants, Marsh USA, Inc. and Discovery Mangers, Ltd., as they are the agent entities which sold TMC the insurance policy. TMC, however, has asserted no Rule 19 or 20 grounds for joinder or explained how these parties are necessary or indispensable to the present declaratory judgment action or should be permissively joined. Likewise, this Court cannot discern how the addition of these parties to this case, at this juncture, is either appropriate and/or necessary particularly given that TMC contends that its claims against these two (2) entities become viable only if and when no coverage is found as to Plaintiff's case (a determination not yet made). Similarly, TMC has failed to assert how any claims against these agent entities would arise out of the same operative facts as the coverage issues, given that these entities are apparently TMC's agents (*i.e.*, not Plaintiff's insurance agents). As such, it is **ORDERED** that TMC's motion is **DENIED** as to its request to add these two (2) entities and assert counterclaims against them in Counts Four (fraud) and Five (negligence).

Second, concerning TMC's proposed bad faith counterclaims against the Plaintiff, the Court construes these counterclaims as permissive under Rule 13(b)[3] of the Federal Rules of Civil Procedure. Plaintiff also has ample time to conduct discovery concerning these counterclaims. As

---

3 "A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."

such, it is **ORDERED** that TMC's motion is **GRANTED** as to its request to add counterclaims against the Plaintiff for bad faith failure to investigate (Count Two) and bad faith failure to pay the insurance claim (Count Three).

       **DONE** and **ORDERED** this the **24**[th] day of **March 2011.**

                      /s/ Kristi K. DuBose
                      **KRISTI K. DuBOSE**
                      **UNITED STATES DISTRICT JUDGE**

---

FED.R.CIV.P. Rule 13(b).